| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERCHANT E-SOLUTIONS INC,

    Plaintiff,

    v.

COMMUNITY STATE BANK,

    Defendant.
_____/

No. C 07-06042 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 22, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    1.    Is Defendant arguing that, when the parties executed the Referral Agreement, that act amounted to a written novation of the Direct Agreement. *See, e.g., Wells Fargo Bank v. Bank of America*, 32 Cal. App. 4th 424, 431 (1995); Cal. Civ. Code § 1530.

1. a. Does Plaintiff argue that, notwithstanding the language of the Referral Agreement, a novation did not occur because of the parties' course of conduct? *See, e.g., Fannuchi & Limi Farms v. United Agri Products, Inc.*, 414 F.3d 1075, 1082 (9th Cir. 2005). Does Plaintiff have any additional authority that by their conduct, parties to a contract can defeat what purports to be a written novation?

   b. If the Court can look beyond the text of the Direct Agreement to the conduct of the parties to determine if they intended a novation, what is Defendant's best argument that the Court can resolve this matter on a motion to dismiss?

   c. If the Court grants Defendant's motion in its entirety, but also granted Plaintiff leave to amend, could Plaintiff assert facts supporting a claim for breach of an implied contract?

2. Are there any other issues the parties wish to address?

Dated: February 20, 2008

                                                            _____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE