**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERCHANT E-SOLUTIONS INC,

    Plaintiff,

v.

COMMUNITY STATE BANK,

    Defendant.

No. C 07-06042 JSW

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART MOTION TO DISMISS OR, IN THE ALTERNATIVE TO TRANSFER**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant Community State Bank ("CSB"). Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS IN PART AND DENIES WITHOUT PREJUDICE IN PART CSB's motion.

## BACKGROUND

On or about May 10, 2004, Plaintiff Merchant e-Solutions, Inc. ("MeS") and Defendant Community State Bank ("CSB") "entered into a written agreement entitled 'Agent Bank Agreement - Direct Merchant Program with Cash Advances ("the Direct Agreement")." (Compl. ¶ 6, Ex. A.) The Direct Agreement provides that it "shall be governed by and construed in accordance with the laws of the State of California. The Parties further agree that in the event of any dispute regarding this Agreement, the courts of the State of California shall have and be vested with personal jurisdiction over the Parties to this action." (*Id.*, Ex. A § 21.)

On or about May 19, 2005, the parties entered into a second agreement entitled "Agent Bank Agreement - Merchant Referral Program With Cash Advances ("the Referral Agreement")." (Compl. ¶ 9, Ex. B.) Section 24 of the Referral Agreement provides that "[i]f there is an existing agreement regarding transaction processing between MeS and Bank, that existing agreement will be deemed terminated on the effective date of this Agreement and be deemed superseded by this Agreement in all respects." (*Id.*, Ex. B, § 24.)[1]

The Referral Agreement further provides that it:

> shall be governed by and construed in accordance with the laws of the State of California. The parties further agree that in the event of any dispute regarding this Agreement, the courts of the State of California shall have and be vested with personal jurisdiction over the parties to this Agreement. The exclusive venue for any action commenced by the Bank pursuant to or arising out of this Agreement shall be limited to the state or federal courts located in California, and Bank and MeS hereby submit to such jurisdiction. *The exclusive venue for any action commenced by MeS pursuant to or arising out of this Agreement shall be limited to the state or federal courts located in the State of Bank's principal place of business location, and Bank and MeS hereby submit to such jurisdiction.*

*(Id.*, Ex. B § 21 (emphasis added). CSB's principal place of business is in Union Grove, Wisconsin. (*See* Compl., Exs. A, B; Notice of Errata to Declaration of Steven Bell ("Bell Decl."), ¶ 1.)

MeS seeks declaratory relief to resolve a dispute over which of these two agreements is the operative agreement between the parties. (Compl. ¶ 15.) MeS alleges that, although the parties executed the Referral Agreement, the parties continued to operate under the Direct Agreement. (*Id.* ¶ 10.) MeS further alleges that CSB breached "the Direct Agreement by failing and refusing to bear the risk of merchant chargebacks and fraud and to pay MeS ... $167,106.52 advanced by MeS for merchant chargebacks incurred by three of CSB's merchants, as required by Sections 2, 4, and 8 of the Direct Agreement." (*Id.* ¶ 21.) CSB denies these allegations and contends that the Referral Agreement is the operative agreement

---

[1] The Direct Agreement contains a similar provision. (Compl., Ex. A, § 25.) In addition, both the Direct Agreement and the Referral Agreement contains the following provision: "This Agreement, the exhibits, schedules, attachments, Operating Rules, and all documents referred to herein contain the entire understanding of the Parties as to the matters contained herein and supersede all previous verbal and written agreements. There are no other agreements, representations, or warranties not set forth herein or in the documents referred to herein." (*Id.*, Ex. A, § 26, Ex. B, § 25.)

1 and that, under the Referral Agreement, it was not required to bear the risk of merchant
2 chargebacks.

3 On October 30, 2007, MeS filed this action against CSB in the Superior Court of the State of California for the County of San Francisco. On November 29, 2007, CSB removed the action to this Court. CSB now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), for improper venue based on the forum selection clause in the Referral Agreement, and pursuant to Rule 12(b)(6) for failure to state a claim.

**DISCUSSION**

**A.   Legal Standards.**

A motion to dismiss for "improper venue" based on the enforcement of a forum selection clause is governed by Federal Rule of Civil Procedure 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Unlike a Rule 12(b)(6) motion, a motion under Rule 12(b)(3) does not require that the pleadings be accepted as true, and the Court can consider facts outside the pleadings. *Id.* at 324. However, the Court "must draw all reasonable inferences ... and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l. Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

"Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (emphasis and brackets in original) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "[B]ecause enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, ... federal law applies to interpretation of forum selection clauses." *Id.* at 513.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986). On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v.*

3

1 *Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal
2 conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be
3 drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir.
4 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

**B.     CSB's Alternative Motion to Transfer this Action is Granted.**

CSB argues that this case must be dismissed or, in the alternative, transferred in light of the forum selection clause contained in the Referral Agreement. MeS does not dispute that it executed the Referral Agreement and does not contend that the forum selection clause is unreasonable, unjust, invalid, or ambiguous. Rather, MeS contends that the forum selection clause is inapplicable because this action was not "commenced pursuant to" and does not "arise out" of the Referral Agreement, in light of the parties' subsequent conduct.

The forum selection clause in the Referral Agreement applies to "any action commenced by MeS pursuant to or arising out of this Agreement." (Compl., Ex. B, § 21.) The Court concludes that the term "arising out of" is broad enough to encompass MeS' claim for declaratory relief, because as part of that claim MeS asks that the Court determine that the Referral Agreement is not the operative agreement between the parties. Resolution of that claim will involve some interpretation of the Direct Agreement. *See, e.g., Manetti-Farrow, Inc.*, 858 F.2d at 514; *cf. Smith, Valentino & Smith, Inc. v. Superior Court,* 17 Cal. 3d 491, 497 (1976) (holding that tort claims "arose out" of contractual relationship between parties and fell within scope of forum selection clause); *cf. Schoenduve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727, 732 (9th Cir. 2006) ("arising out of or relating to" as used in arbitration clause to be interpreted broadly). MeS cannot avoid the effect of the forum selection clause on this basis.

With respect to MeS' argument that the parties continued to operate under the terms and conditions of the Referral Agreement, even if the Court accepts those allegations as true, MeS has not set forth facts that suggest the parties conduct intended to waive or negate the effect of the forum selection clause. Therefore, the Court concludes that MeS has not met its burden to show that the clause should not be enforced and the Court HEREBY GRANTS CSB's

alternative motion to transfer this action to the United States District Court for the Eastern District of Wisconsin.

In light of this ruling, the DENIES WITHOUT PREJUDICE CSB's motion to dismiss for failure to state a claim and expresses no opinion on the merits of that motion.

## CONCLUSION

For the foregoing reasons, CSB's motion to dismiss is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART. The Clerk is directed to transfer this matter to the United States District Court for the Eastern District of Wisconsin forthwith.

**IT IS SO ORDERED.**

Dated: February 22, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE